Francisco J. Sanchez, Calif. Bar No. 220284
LAW OFFICE OF FRANCISCO J. SANCHEZ, JR.
550 West C Street, Suite 1670
San Diego, CA 92101
Telephone: (619) 232-8000
Facsimile: (619) 237-8898

Attorney for Defendant
ESEQUIEL LOPEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Roger T. Benitez)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07 CR 3245 BEN |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| vs. | |
| ESEQUIEL LOPEZ (1), | Date: March 17, 2008 |
| Defendant. | Time: 2:00 p.m. |

**I.**

**MOTION TO COMPEL DISCOVERY**

Mr. Lopez moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative (or other) agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1. <u>Mr. Lopez' Statements</u>.  The Government must disclose to the defense all copies of any written or recorded statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P. 16 (a)(1)(A).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to make use of those statements.

2. <u>Arrest Reports, Notes and Dispatch Tapes.</u>  Mr. Lopez specifically requests the Government to turn over all arrest reports, notes, inventory notes, dispatch or any other tapes.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Lopez or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16 (a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The Government must produce arrest reports, investigator notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Lopez.  See Fed. R. Crim. P. 16 (a) (1) (B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

3. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Lopez requests the reports of all tests and examinations conducted upon the evidence in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by

the government as evidence in chief at the trial.

4.  <u>Brady Material</u>. Mr. Lopez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

5.  <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>. The Government must produce this information under <u>Brady</u>. This request includes any cooperation or attempted cooperation by Mr. Lopez as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Mr. Lopez also requests any information relevant to a Chapter Three adjustment, a determination of his criminal history, and information relevant to any other application of the Guidelines.

6.  <u>The Defendant's Prior Record</u>. Mr. Lopez requests disclosure of his prior record (if any) under Fed. R. Crim. P. 16 (a)(1)(B).

7.  <u>Any Proposed 404(b) Evidence</u>. The Government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution … shall provide reasonable notice in advance of trial … of the general nature …" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defense request that such notice be given at least three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

1  8.    <u>Evidence Seized.</u>  The defense requests production of evidence seized as a result of any search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

9.    <u>Request for Preservation of Evidence.</u>  The defense specifically requests that all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

10.   <u>Tangible Objects</u>.  The defense requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including but not limited to, photographs, books, papers, documents, fingerprint analyses, and all other items which are material to the defense or intended for use in the Government's case in chief or were obtained from or belong to Mr. Lopez.  Fed. R. Crim. P. 16(a)(2)(C).

11.   <u>Evidence of Bias or Motive to Lie</u>. Mr. Lopez requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Lopez, or has a motive to falsify or distort his testimony <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

12.   <u>Impeachment Evidence</u>. Mr. Lopez requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609, and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, supra. <u>See</u> <u>United States v. Strifler</u>, supra (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir.

1965) (evidence that detracts from a witness' credibility).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Lopez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985) <u>cert</u>. <u>denied</u>, 474 U.S. 945 (1985).

14. <u>Evidence Affecting Perception, Recollection, or Ability to Communicate of Government Witnesses</u>. Mr. Lopez requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980)

15. <u>Government Witnesses' Address</u>. Mr. Lopez requests the name and last known address of each prospective Government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1180 (9th Cir. 1979) (defense has equal right to talk to witnesses), <u>cert</u>. <u>denied</u>, 444 U.S. 1034 (1980). Mr. Lopez also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

16. <u>Name of Witnesses Favorable to the Defendant</u>. The defense requests the name of any witnesses who made an arguably favorable statement concerning Mr. Lopez or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson</u>

v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980)

17.  Statements Relevant to the Defense.  The defense requests disclosure of any statement relevant to any possible defense or contention he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982)

18.  Jencks Act Material.  Mr. Lopez requests production in advance of trial of all material, including dispatch tapes, deportation hearing tapes which the government must produce pursuant to the Jencks Act, 18 U.S.C. 3500.  The defense submits that advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material.  This request is intended to include "rough" notes purported to constitute an accurate account of a witness interview.  Campbell v. United States, 373 U.S. 487, 490-492 (1963).  See United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (when an agent goes over interview notes with the subject of the interview, the notes are subject to the Jencks Act). The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

19.  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defense requests discovery regarding any express or implied promise, understanding, offer of immunity, or past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if

no bargain was made, or the advice not followed.

20. <u>Informants and Cooperating Witnesses</u>. Mr. Lopez requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Lopez.  The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Lopez.

21. <u>Personnel Records of Government Officers Involved in the Arrest</u>.  The defense requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Lopez.

22. <u>Government Examination of Law Enforcement Personnel Files</u>.   Mr. Lopez requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers. Mr. Lopez requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other acts of dishonesty, or any other material relevant to impeachment, or any other information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In <u>Henthorn</u>, the Ninth Circuit remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of the agents who testified at trial.  This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Lopez prior to trial.  In addition, the defense specifically requests that the prosecutor, not law enforcement officers, review the files in this case.

23. <u>Expert's Summaries</u>.  The defense requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the expert's qualifications.  Fed. R. Crim. P. 16(a)(1)(E).

25. <u>Residual Request</u>. Mr. Lopez intends by this motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16. Mr. Lopez requests that the Government provide him with the above requested materials sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## II.

## **LEAVE TO FILE FURTHER MOTIONS**

As additional information comes to light, the defense may find it necessary to file further motions. As such, Mr. Lopez hereby requests leave file additional motions as they become necessary.

////
////
///

## III.
## **CONCLUSION**

For the reasons stated above, Mr. Lopez respectfully requests this Court to grant the foregoing discovery motions.

Dated: March 4, 2008                    Respectfully submitted,


                                        By:   /s/ Francisco J. Sanchez, Jr.
                                              Francisco J. Sanchez, Jr.
                                              Attorney for Defendant
                                              ESEQUIEL LOPEZ